LANE *v.* CITY OF KNOXVILLE.

(*Knoxville,* September Term, 1936.)

Opinion filed October 10, 1936.

J. R. NICHOLS and FRANK P. BOWEN, both of Knoxville, for plaintiff in error.

WAYNE PARKEY, of Knoxville, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This is a suit for damages brought by the son of Gus Lane, who died in November, 1935, in a hospital operated by the city of Knoxville, based on the allegation that after the death of Gus Lane, who was a patient in this hospital, an autopsy was performed on his body without the consent of the family of the deceased.

The circuit judge sustained a demurrer of the defendant city of Knoxville and dismissed this suit, and it is conceded that the only question involved is whether or not the city is subject to this suit growing out of its operation of this municipal hospital in exercise of a governmental function.

Conceding that in the ordinary operation of such a hospital, and while engaged in the treatment of patients therein, the rule of exemption from liability applies, it is argued that a distinction should be taken between the treatment of the patient while yet alive and of the body of the patient after death. It is argued that this immunity from suit no longer exists. Counsel says that "the very minute that his (plaintiff's) father died, and the very moment that the breath left his body, he was no longer a patient in said hospital, and the Governmental function on the part of the City ceased, and the City through its agents and representatives was really without authority to do anything whatever with the body of the deceased except to preserve and hold it, awaiting the instructions of the next of kin."

Counsel for plaintiff in error frankly concedes that he has been unable to find any authority sustaining this

distinction. On the other hand, while counsel for the city calls attention to no case or text directly in point, he insists that the general rule and principle of nonliability continued to apply, that the care of the body in the hospital following death is as much a governmental function as the care of the body before death.

█ The general rule, followed in Tennessee, unquestionably is that "a municipal corporation is not liable for the negligence of its officers and employees in conducting a municipal hospital, or in the treatment of patients therein." McQuillen on Municipal Corps., vol. 6, section 2669; *Wallwork* v. *City of Nashville*, 147 Tenn., 681, 690, 251 S. W., 775.

█ On principle we are unable to take any distinction, bearing upon this question of liability, between the treatment of the body of a patient before and immediately following death, these conditions being inseparably interwoven and being both alike usual and necessary incidents of the conduct of a hospital.

The judgment of the trial court must be affirmed.